IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00087-ZLW

EARL HINES,

      Applicant,

v.

RICK SOARES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant Earl Hines is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Hines has filed **pro se** on June 25, 2009, a Motion to Reconsider asking the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on March 20, 2003. The Court must construe the Motion to Reconsider liberally because Mr. Hines is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion to Reconsider will be denied.

Mr. Hines was convicted in 1995 in the Denver District Court on two counts of first degree murder and he is serving consecutive life sentences for those convictions. While his direct appeal was pending, Mr. Hines sought and obtained a limited remand to file a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On August 30, 1999, the Rule 35(c) motion was denied by the trial court

and his direct appeal resumed. On November 16, 2000, the Colorado Court of Appeals affirmed the judgment of conviction and on September 5, 2001, the Colorado Supreme Court denied Mr. Hines' petition for writ of certiorari. On January 17, 2002, Mr. Hines filed a postconviction motion to reconsider his sentence that was denied by the trial court on February 1, 2002.

On January 8, 2003, the Court received Mr. Hines' application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order filed on March 20, 2003, the Court denied the application and dismissed the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). On September 10, 2003, the United States Court of Appeals for the Tenth Circuit denied Mr. Hines' request for a certificate of appealability and dismissed his appeal from the Court's order dismissing this action as untimely.

Mr. Hines asserts the Motion to Reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. When a Rule 60(b) motion is filed in a habeas corpus proceeding, the Court first must determine whether the motion should be treated as a second or successive application or as a "true" Rule 60(b) motion. *See **Spitznas v. Boone***, 464 F.3d 1213, 1216 (10th Cir. 2006). Pursuant to ***Gonzalez v. Crosby***, 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive application if the motion "in substance or effect asserts or reasserts a federal basis for relief from the [applicant's] underlying conviction." ***Spitznas***, 464 F.3d at 1215. Conversely, the Rule 60(b) motion

> is a "true" 60(b) motion if it either (1) challenges only a
> procedural ruling of the habeas court which precluded a

2

merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* at 1215-16 (internal citations omitted).

In the Motion to Reconsider, Mr. Hines first argues that the Court should review the relevant state trial and appellate court decisions in his criminal case in light of newly discovered evidence. Although Mr. Hines' argument in the Motion to Reconsider is not entirely clear, it appears that the newly discovered evidence consists of a 1998 report of an investigator hired by the attorney who represented Mr. Hines in the state court postconviction Rule 35(c) proceedings. The investigator apparently failed to locate the owner of a club who could have testified about a woman who was a crucial witness for Mr. Hines. According to Mr. Hines, "[i]f [postconviction counsel] had properly investigated and followed up in a timely manner and not lied, supervised his investigator closely and looked carefully at the failures of [trial counsel], the outcome of the petitioner's Rule 35(c) hearing and evidentiary hearing could have been different." (Mot. to Reconsider at 2.[1]) This portion of the Motion to Reconsider must be treated as a second or successive application because Mr. Hines is asserting a new claim challenging the validity of his convictions. *See Spitznas*, 464 F.3d at 1216.

Mr. Hines also argues in the Motion to Reconsider that the Court erred in dismissing this action as time-barred, which is a proper basis for a true Rule 60(b)

---

[1]Although Mr. Hines has numbered three of the four pages of the Motion to Reconsider, his page numbering begins on the second page of the Motion to Reconsider. The Court's citation to page 2 of the Motion to Reconsider is the actual second page of that motion, which is numbered page 1 by Mr. Hines.

motion.  *See id.*  Therefore, the Motion to Reconsider is a mixed motion "containing both true Rule 60(b) allegations and second or successive habeas claims." *Id.* at 1217. Because the Motion to Reconsider is a mixed motion, the Court must "address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion," *id.*, and determine whether the Court has jurisdiction to consider the merits of the second or successive claim, *see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).

The Court first will consider Mr. Hines' true Rule 60(b) allegations.  Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Hines fails to demonstrate the existence of any extraordinary circumstances that justify vacating the Court's order dismissing this action.

Mr. Hines apparently contends that the Court erred in dismissing this action as time-barred because the Court concluded that his second state court postconviction motion did not toll the one-year limitation period.  Mr. Hines does not identify the specific postconviction motion to which he is referring and the Court's order dismissing this action does not include any discussion of a postconviction motion for which the one-year limitation period was not tolled.  Therefore, the true Rule 60(b) allegations in the Motion to Reconsider lack merit.

Furthermore, the Court finds that the true Rule 60(b) allegations in the Motion to Reconsider were not raised within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1)

4

(providing that "[a] motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Mr. Hines makes no attempt to explain or justify his six-year delay in seeking relief under Rule 60(b) based on the Court's alleged error in dismissing this action as time-barred. Therefore, the true Rule 60(b) allegations in the Motion to Reconsider also are untimely. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding district court determination that unexplained one-year delay in filing Rule 60(b) motion was not reasonable).

The Court next will consider whether the Court has jurisdiction to consider the merits of Mr. Hines' second or successive newly discovered evidence claim. Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Hines must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus claim. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of a second or successive claim. *See id*. at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that the claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a

whole, would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable factfinder would have found the applicant guilty of

the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Hines does not allege that he has obtained the necessary authorization from

the Tenth Circuit to file a second or successive § 2254 application. Therefore, the

Court must either dismiss the application for lack of jurisdiction or, if it is in the interest

of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re*

*Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

Although Mr. Hines characterizes his claim as a claim supported by newly

discovered evidence, it appears that the factual basis for his claim was known to him, or

could have been discovered by him through due diligence, in 1998 during the state

court postconviction proceedings. As a result, it appears that Mr. Hines' claim, like his

original application filed in 2003, is time-barred. Furthermore, Mr. Hines' second or

successive claim appears to lack merit because Mr. Hines fails to demonstrate that the

facts underlying his claim are sufficient to establish by clear and convincing evidence

that, but for constitutional error, no reasonable factfinder would have found him guilty.

Mr. Hines himself asserts only that the outcome of the postconviction Rule 35(c)

proceedings *could* have been different if the "newly discovered evidence" had been

presented to the trial court at that time.  Finally, Mr. Hines fails to demonstrate that the

Motion to Reconsider was filed in good faith.  Therefore, because the Court finds that a

transfer of the second or successive claim to the Tenth Circuit is not in the interest of

justice, the second or successive claim will be dismissed for lack of jurisdiction.

Accordingly, it is

      ORDERED that the Motion to Reconsider filed on June 25, 2009, is denied.

DATED at Denver, Colorado, this _22_ day of ___July___, 2009.

                         BY THE COURT:

                         ZITA L. WEINSHIENK, Senior Judge
                         United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 03-cv-00087-ZLW

Earl Hines
Prisoner No. 86420
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on **7/22/09**

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk